**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1957-24

AMERICAN BUILDERS &
CONTRACTORS SUPPLY CO.,
INC., d/b/a ABC SUPPLY CO.
INC.,

      Plaintiff-Respondent,

v.

THE GALEANO COMPANY LLC
and JOHN GALEANO, a/k/a JOHN
E. ZARATE, as Personal Guarantor,

      Defendants-Appellants.

_____

      Submitted December 17, 2025 – Decided January 14, 2026

      Before Judges Gummer and Vanek.

      On appeal from the Superior Court of New Jersey, Law Division, Union County, Docket No. DC-003545-23.

      Freeman & Patel, LLC, attorneys for appellants (Jarred S. Freeman, on the briefs).

      Heitner & Breitstein, attorneys for respondent (Yelena C. Tsyrlin, on the brief).

PER CURIAM

Defendants The Galeano Company LLC (the LLC) and John Galeano a/k/a John E. Zarate (Galeano) appeal from a February 7, 2025 Special Civil Part order suppressing Galeano's answer with prejudice. Having reviewed the record in light of the parties' arguments and applicable law, we reverse and remand for further proceedings.

I.

We recount the salient facts from the record. In April 2023, plaintiff filed a complaint against defendants seeking judgment for an outstanding amount due for goods sold and delivered to the LLC. Galeano had personally guaranteed the debt. Default judgment for $11,383.33 was entered against both defendants. The default judgment against Galeano was subsequently vacated based on lack of service of process.

Galeano, then self-represented, filed an answer in which he asserted "I/We did not order the goods or services" and "I am a victim of identity theft or mistaken identity." Thereafter, plaintiff served discovery on Galeano. On February 23, 2024, the judge entered an order suppressing Galeano's answer without prejudice for failure to serve discovery responses.

The judge denied two subsequent motions to vacate the February 23, 2024 order. On plaintiff's unopposed motion, the court entered a September 6,

2024 order suppressing Galeano's answer with prejudice for failure to respond to outstanding discovery. On October 18, 2024, the judge re-entered default judgment against Galeano.

Defendants then moved through counsel to vacate the default judgments. In a December 13, 2024 order, the judge granted defendants' motion as to Galeano only and vacated the September 6 order striking his answer with prejudice. The judge ordered Galeano to respond to the discovery demands and file the appropriate motion to reinstate; the order did not specify any deadlines.

On January 15, 2025, plaintiff moved to suppress Galeano's answer with prejudice. One week later, defendants[1] served interrogatory answers, but they did not respond to plaintiff's document demands. Plaintiff argued the untimely interrogatory answers were deficient and Galeano had failed to file a motion to reinstate, as ordered.

On February 7, 2025, the judge issued an oral decision at the conclusion of arguments. The judge found defendants had served some discovery responses late and had not responded to other discovery requests. The judge found plaintiff's counsel had not made a good faith attempt to resolve the

---

[1] Although the discovery responses were served by "defendants," the default judgment had only been vacated as to Galeano.

A-1957-24

discovery dispute as required under Rule 1:6-2 but relaxed that requirement because Galeano was court-ordered to provide the outstanding discovery. The judge did not address whether the required Appendix II-B[2] notice had been filed or served pursuant to Rule 4:23-5(a)(2).

On appeal, defendants argue the trial court erred in suppressing Galeano's answer with prejudice for failure to provide discovery because plaintiff prematurely had filed the with-prejudice suppression motion in contravention of Rules 4:23-5(a)(2) and 6:4-6(c). Defendants also contend that even if the responses to plaintiff's interrogatories were late, the trial court failed to consider whether those responses substantively complied with the demands.

## II.

Discovery sanctions are governed by Rule 4:23-5 as applied to the Special Civil Part under Rule 6:4-6. The purpose of Rule 4:23-5 is to elicit

---

[2] Rule 4:23-5(a)(2) provides the following notice requirement:

> The attorney for the delinquent party shall, not later than [seven] days prior to the return date of the motion, file and serve an affidavit reciting that the client was previously served as required by subparagraph (a)(1) and has been served with an additional notification, in the form prescribed by Appendix II–B, of the pendency of the motion to dismiss or suppress with prejudice. . . .

A-1957-24

outstanding discovery "rather than to punish the offender." Zimmerman v. United Servs. Auto. Ass'n, 260 N.J. Super. 368, 374 (App. Div. 1992). The rules also exist "to serve the interests of promoting compliance with discovery obligations, providing relief to the party whose discovery requests remain unsatisfied, and implementing the court's need to manage and expedite litigation." A & M Farm & Garden Ctr. v. Am. Sprinkler Mech. L.L.C., 423 N.J. Super. 528, 537 (App. Div. 2012).

"Judges are entrusted to ensure that [discovery] rules are properly and fairly enforced," Thabo v. Z Transp., 452 N.J. Super. 359, 371 (App. Div. 2017), and "to take action to obtain compliance with the requirements of [those] rule[s]." A & M Farm, 423 N.J. Super. at 532. In the context of discovery violations, dismissal of a claim or suppression of a party's pleadings for failure to comply with discovery is the "last and least favorable option." Il Grande v. DiBenedetto, 366 N.J. Super. 597, 624 (App. Div. 2004). As we have explained, "[t]he best way to foster the public confidence in our civil courts is to decide cases on their merits." Salazar v. MKGC + Design, 458 N.J. Super. 551, 560 (App. Div. 2019) (quoting Thabo, 452 N.J. Super. at 371).

To succeed on a motion to suppress with prejudice for failure to provide discovery under Rule 4:23-5, the moving party must strictly comply with the

"two-step process" demanded by the rule. Sullivan v. Coverings & Installation, Inc., 403 N.J. Super. 86, 93 (App. Div. 2008). Step one, under Rule 4:23-5(a)(1), requires "the focus of the motion judge . . . [to] be on whether good cause is present for relief [rather] than a dismissal without prejudice for failure to answer." Adedoyin v. Arc of Morris Cnty. Chapter, Inc., 325 N.J. Super. 173, 181 (App. Div. 1999). Step two, under Rule 4:23-5(a)(2), allows a motion for suppression with prejudice to be filed no sooner than sixty days from the date of the without-prejudice suppression order if the discovery has not been provided and the delinquent party has not moved to vacate the prior order unless exceptional circumstances are demonstrated. Rule 6:4-6(c) provides that for Special Civil Part actions "[t]he [sixty]-day period prescribed by [Rule] 4:23-5(a)(2) is reduced to [forty-five] days."

Our review of the dismissal of a complaint with prejudice for discovery misconduct is for abuse of discretion. Thabo, 452 N.J. Super. at 368 (App. Div. 2017); see also DiFiore v. Pezic, 254 N.J. 212, 228 (2023) (stating a trial court's decision on a discovery matter is "entitled to substantial deference" and "will not be overturned absent an abuse of discretion"). An abuse of discretion arises when a decision is "made without a rational explanation, inexplicably departed from the established policies, or rests on an impermissible basis." Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting

A-1957-24

Achacoso–Sanchez v. Immigr. and Naturalization Serv., 779 F.2d 1260, 1265 (7th Cir.1985)).

III.

We conclude that the Special Civil court mistakenly exercised its discretion when it granted plaintiff's premature motion to suppress Galeano's answer with prejudice. Accordingly, we reverse and remand.

Under Rule 6:4-6(c), plaintiff was required to wait forty-five days from the entry of the December 13, 2024 order—January 28, 2025—before refiling its motion to suppress Galeano's answer with prejudice for non-compliance with his discovery obligations. Because plaintiff prematurely filed its motion on January 15, 2025, we conclude the entry of the order suppressing Galeano's answer with prejudice was a mistaken exercise of discretion.

Our decision furthers the primary goal of Rule 4:23-5—to resolve disputes on the merits, rather than by default. St. James AME Dev. Corp. v. City of Jersey City, 403 N.J. Super. 480, 484 (App. Div. 2008). Because of the finality of a with-prejudice discovery sanction, compliance with the rules is paramount.

On remand, the judge shall enter an order requiring Galeano to serve fully compliant discovery responses and to move to vacate the with-prejudice suppression order by specific dates that are consistent with the Rules of Court.

A-1957-24

Should another with-prejudice suppression motion be necessary, relief should be predicated on full compliance with all procedural safeguards embodied in <u>Rules</u> 4:23-5 and 6:4-6. Because we reverse the order based on defendant's first argument, we do not reach his substantial-compliance argument.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Hanley

Clerk of the Appellate Division